UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC HOOTEN | : | CIVIL ACTION NO. |
|    Petitioner, | : | 3:11-CV-080 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | AUGUST 29, 2011 |
|    Respondent. | : | |
| | : | |
| | : | |

**RULING RE: MOTION TO VACATE SENTENCE AND ORDER TO TRANSFER**

**I.  INTRODUCTION**

Petitioner, Eric Hooten, moves this court to vacate his sentence under 28 U.S.C. § 2255.  Hooten argues that he was improperly sentenced as a Career Offender, in violation of United States v. Savage.

This court lacks jurisdiction over Hooten's petition, due to the fact that Hooten has already pursued a § 2255 petition that was adjudicated on the merits.  For the reasons that follow, the court transfers this petition to the United States Court of Appeals for the Second Circuit.

**II.  BACKGROUND**

On October 2, 2002, a federal grand jury indicted Hooten, along with two co-conspirators, for participating in a conspiracy to distribute heroin.  3:02-cr-278(JCH) Doc. No. 1.  On February 2, 2003, after negotiating a plea agreement with the government, Hooten pled guilty to Count Five of the indictment.  Doc. Nos. 41–42.  The plea agreement provided that Hooten waived his right to appeal or collaterally attack his sentence if he was sentenced to not more than 188 months imprisonment.  Plea Agreement, at 4.  On May 1, 2003, this court sentenced Hooten to a term of

1

imprisonment of 151 months.  Doc. No. 50.

Hooten filed an appeal on July 7, 2003, which the Court of Appeals dismissed as untimely.  See Doc. Nos. 64, 69.  On November 14, 2003, Hooten filed a § 2255 petition, arguing that his trial counsel was ineffective in failing to file a timely notice of appeal.  Doc. No. 70.  The court denied Hooten's petition, finding that Hooten did not suffer from ineffective assistance of counsel when he entered into the plea agreement with the government.  See Doc. No. 82, at 7–8.  The court, however, permitted him to amend his petition to assert that his waiver of his right to appeal and collaterally attack his sentence was not knowing and voluntary.  Id., at 8

Hooten filed a supplemental pleading in support of his petition on June 22, 2005.  Doc. No. 89.  The court granted Hooten's motion to appoint counsel, and on August 4, 2006, Hooten filed a Second Amended Motion under § 2255.  See Doc. Nos. 91, 94.

On October 23, 2006, the court denied Hooten's Second Amended Motion for § 2255 relief on the grounds that Hooten had in fact knowingly and voluntarily waived his rights to appeal and collaterally attack his sentence.  See Doc. No. 97 at 2–5.  Hooten appealed the court's denial of his Second Amended Motion; however, the Court of Appeals dismissed the appeal on the grounds that Hooten failed to either pay the docketing fee or move to file in forma pauperis.  See Doc. No. 100.

On January 13, 2011, Hooten filed the instant motion under § 2255, arguing that, due to the change in law following United States v. Savage, his status as a career offender under the sentencing guidelines should be revised.  3:11-cv-80(JCH) Doc. No. 1.  The court granted Hooten's motion to appoint counsel on April 8, 2011.  Doc. No. 6.

**III. DISCUSSION**

Section 2255(h) provides that a second or successive motion under section 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Absent such certification, the district court lacks jurisdiction over such a motion. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court . . . ."). A petition under section 2255 is a "second or successive motion" if a prior petition under section 2255, which raised claims regarding the same conviction or sentencing, was adjudicated on the merits. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

There is no indication that Hooten has sought certification from the Court of Appeals regarding this motion. See Doc. Nos. 1, 18. In fact, Hooten asserts that this court retains jurisdiction because the court's previous decision that Hooten knowingly and voluntarily waived his right to appeal or collaterally attack his sentence was not on the merits. See Supplemental Reply to Government's Resp., at 2. Hooten maintains that he was not adequately represented at his change of plea and that his decision to waive his right to attack his sentence was not knowing or voluntary. Id.

After considering Hooten's first § 2255 petition, this court held that Hooten did not suffer from ineffective assistance of counsel at his change of plea. See Doc. No. 82, at 7–8. After permitting Hooten to amend his petition and considering the amended

3

petition, the court then held that Hooten acted knowingly and voluntarily in entering into a plea agreement with the government under which Hooten waived his right to appeal and collaterally attack his sentence. Doc. No. 97, at 4–5. The court made both these decisions on the merits of Hooten's petitions. Accordingly, the instant motion is a second motion under § 2255. As Hooten has not obtained certification from the Court of Appeals to file this motion, this court lacks jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, the court transfers this petition to the United States Court of Appeals for the Second Circuit so that it may determine whether the claims raised in this petition should be considered by the district court.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of August, 2011.

     /s/ Janet C. Hall
Janet C. Hall
United States District Judge